IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **POINDEXTER PARK AFTER-SCHOOL CLUB, INC., ET AL.** | |
| PLAINTIFFS, | CIVIL ACTION NO: 3:19-CV-474-TSL-LRA |
| V. | |
| **SIEMENS INDUSTRY, INC.** | |
| DEFENDANT | |

## DEFENDANT'S MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

Defendant Siemens Industry, Inc. ("Siemens") moves to dismiss the Complaint for failure to state a claim, on the following grounds:

1. Plaintiffs have not exhausted their available administrative remedies.

2. Plaintiffs are not third-party beneficiaries under the express terms of the Performance Contracting Agreement between Siemens and the City of Jackson, and thus cannot bring claims for breach of contract, injunctive relief and specific performance, and breach of implied warranties.

3. Plaintiffs' negligence claims should be dismissed because they have not alleged the breach of a duty independent of the Agreement. In the alternative, Plaintiffs are owed no duty under the Agreement, and have not otherwise alleged an actionable tort duty.

4. Plaintiffs have failed to plead fraud with particularity under Federal Rule of Civil Procedure 9(b) and have not sufficiently alleged reliance. Plaintiffs' fraudulent concealment claim should be dismissed for the additional reason that Siemens did not owe Plaintiffs any duty of disclosure.

1

5. Plaintiffs' vicarious liability claim should be dismissed because it is not an independent cause of action.

6. Plaintiffs' claim for specific performance and injunctive relief should be dismissed because it raises no independent claim.  This claim also should be dismissed because Plaintiffs have not alleged that they lack an adequate remedy at law.

7. Plaintiffs' claims for punitive damages and attorneys' fees should be dismissed because they are remedies, not causes of action.

8. Plaintiffs' claim for breach of implied warranty should be dismissed because the Agreement expressly disclaims implied warranties.

9. Plaintiffs' claim under the Mississippi Consumer Protection Act should be dismissed because Plaintiffs have not alleged that they satisfied a condition precedent to bringing suit and because they have failed to allege that they purchased anything from Siemens.

This Motion is submitted under Federal Rule of Civil Procedure 12(b)(6).  Siemens submits with the Motion the following exhibits, which the Court may consider with respect to the Motion to Dismiss either because the exhibit is central to Plaintiffs' claims and is referenced by the Complaint or is a matter of public record:

- Exhibit 1 – Performance Contracting Agreement
- Exhibit 2 – City of Jackson's Water Billing Customer Bill of Rights

Siemens also submits an accompanying Memorandum in Support, which more fully describes the factual and legal arguments that support dismissal.  That Memorandum is incorporated herein by reference.

Respectfully submitted,

*/s/ Roy D. Campbell, III*
Roy D. Campbell, III
BRADLEY ARANT BOULT CUMMINGS LLP
188 E. Capitol Street, Suite 1000
Jackson, MS 39215
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
rcampbell@bradley.com

Matthew H. Lembke (*Pro Hac Vice*)
Tiffany J. deGruy (*Pro Hac Vice*)
Stanley E. Blackmon (*Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mlembke@bradley.com
tdegruy@bradley.com
sblackmon@bradley.com

Kenneth M. Perry (*Pro Hac Vice*)
KEN PERRY LAW FIRM, LLC
1615 Financial Center
404 20th Street North
Birmingham, AL 35203
Telephone: (205) 778-2001
Facsimile: (205) 224-4455
kp@kenperrylawfirm.com

*Counsel for Defendant Siemens Industry, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on September 9, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                 */s/ Roy D. Campbell, III*
                 OF COUNSEL