# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

|  |  |
|---|---|
| **POINDEXTER PARK** ) | |
| **AFTER-SCHOOL CLUB, INC., ET AL.** ) | |
| ) | **CIVIL ACTION NO:** |
| **PLAINTIFFS,** ) | **3:19-CV-474-TSL-LRA** |
| ) | |
| **V.** ) | |
| ) | |
| **SIEMENS INDUSTRY, INC.** ) | |
| ) | |
| **DEFENDANT** ) | |

___

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Siemens Industry, Inc. ("Siemens") submits this brief in support of its motion to dismiss for failure to state a claim (Doc. 14).

## INTRODUCTION

Plaintiffs, who allegedly receive water and sewer services from the City of Jackson ("City"), seek to piggyback on claims asserted by the City against Siemens in a pending state-court lawsuit. That state-court case arises out of a municipal contract whereby Siemens (i) performed water plant and sewer system upgrades, and (ii) installed a new water metering and billing system. Plaintiffs' complaint repeatedly refers to the City's allegations in the state-court litigation.

But Plaintiffs' complaint has two fatal flaws. *First*, in their rush to court, Plaintiffs failed to exhaust their plainly-available administrative remedies under both state and city law. This case cannot proceed unless and until those administrative remedies have been exhausted.

*Second*, Plaintiffs' complaint relies on a false premise—that Plaintiffs are third-party beneficiaries of the City's contract with Siemens. That contract, however, expressly disclaims

1

rights for any third-party beneficiaries, and that disclaimer is binding under Mississippi law. Because Plaintiffs are not third-party beneficiaries of the contract (and do not purchase water or sewer services or anything else from Siemens) and for additional legal reasons, Plaintiffs' claims fail as a matter of law and must be dismissed.

## BACKGROUND FACTS

1. Plaintiffs receive water and sewer services from the City. Doc 1 at ¶ 10.

2. On or about January 1, 2013, Siemens entered into a multi-year performance agreement with the City (the "Agreement") pertaining to the City's water and sewer services. *Id.* at ¶ 11. Under the Agreement, Siemens' obligations included extensive infrastructure repairs and upgrades, replacement of individual water meters, and implementation of new automated billing systems. *Id.* A copy of the Agreement is attached hereto as Exhibit 1.[1]

3. Section 12.2 of the Agreement provides that "[n]othing contained in this Agreement shall be construed to give any rights or benefits to anyone other than [the City] and SIEMENS without the express written consent of both Parties." Ex. 1 at § 12.2.

4. Section 5.8 of the Agreement provides, "THE EXPRESS LIMITED WARRANTIES PROVIDED ABOVE ARE IN LIEU OF AND EXCLUDE ALL OTHER WARRANTIES, STATUTORY, EXPRESS, OR IMPLIED, INCLUDING WITHOUT LIMITATION ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, WHICH ARE HEREBY EXPRESSLY DISCLAIMED." Ex 1 at § 5.8 (emphasis in original).

---

[1] In ruling on a 12(b)(6) motion to dismiss, "a district court generally must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). But "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Id.*

5. Misssissippi law governs the Agreement. As the Agreement expressly provides, it is governed by and construed in accordance with the law of the state where the work was to be installed or implemented. Ex. 1 at Article 2 (definition of "facility") & § 12.3. All of the work under the Agreement was to be installed or implemented in Mississippi. Doc 1 at ¶¶ 11-12; Ex. 1 at Article 1.

6. Plaintiff William Kellum claims he has an unexplainable balance of over $10,000.00 on his water and sewer account with the City. Doc. 1 at ¶ 20. He is in the process of appealing his bill to the City Attorney for the City. *Id.*

7. Plaintiff Belinda Chase claims she has an unexplainable balance of over $9,000.00 on her water and sewer account with the City. *Id.* at ¶ 21.

8. Plaintiff Charles Jordan claims he has an unexplainable balance of over $4,100.00 on his water and sewer account with the City. *Id.* at ¶ 22.

9. Plaintiff Poindexter Park After-School Club, Inc. claims it has been receiving unexplainable balances into the thousands of dollars on its water and sewer account with the City. *Id.* at ¶ 23.

10. The damages Plaintiffs seek include amounts attributable to overpayment for water services. *See, e.g.*, *id.* at ¶ 38, 42.

## LEGAL STANDARD

A court must dismiss a claim under Rule 12(b)(6) "if the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). If "the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Inclusive Cmtys. Project*, 920 F.3d at 899 (citation omitted). So the "complaint's allegations 'must make relief plausible, not merely conceivable, when taken as true.'" *Id.* (citation omitted); *accord O'Reilly v. Univ. of Miss. Med. Ctr.*, 2019 WL 2583520, at *1 (S.D. Miss. June 24, 2019) (Lee, J.). Although "the plausibility standard is not akin to a 'probability requirement,'" it still requires "more than a sheer possibility that a defendant has acted unlawfully." *Inclusive Cmtys. Project*, 920 F.3d at 899 (citation omitted); *accord O'Reilly*, 2019 WL 2583520 at *1. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Inclusive Cmtys. Project*, 920 F.3d at 899 (citation omitted).

Rule 12(b)(6) also permits a court to dismiss a claim "on the basis of a dispositive issue of law." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).

## ARGUMENT

### I. This Court should dismiss this action because Plaintiffs have not exhausted their available administrative remedies.

This Court should dismiss this action because Plaintiffs have not exhausted administrative remedies available under both a state statute and the City's Water Billing Customer Bill of Rights. All of Plaintiffs' claims involve, at least in part, alleged overbilling for City water and sewer services. Thus, the Court should not entertain those claims until Plaintiffs have exhausted the administrative remedies established for cases of alleged overbilling.

Under Mississippi law, "[a] complainant must exhaust the administrative remedies available to him before resorting to the courts for resolution of his dispute." *State v. Beebe*, 687 So. 2d 702, 704 (Miss. 1996). "[T]he doctrine of exhaustion of remedies requires that judicial review occur only after the administrative agency has made a complete decision." *Lamar Co.,*

4

*LLC v. Mississippi Transp. Comm'n*, 2018 WL 4038120, at *2 (S.D. Miss. Aug. 23, 2018) (quoting *Archer v. Creel*, 217 So. 3d 690, 692-93 (Miss. Ct. App. 2016)).  This principle holds true regardless whether the administrative procedures are permissive or mandatory.  *Ass'n Cas. Ins. Co. v. Allstate Ins. Co.*, 507 F. Supp. 2d 610, 620 (S.D. Miss. 2007).  The doctrine also applies if a third party sued by the plaintiff—such as Siemens here—asserts it based upon a plaintiff's failure to pursue administrative remedies when the outcome of the administrative process could have an impact on the amount of the plaintiff's damages sought in the action against the third party (or may even eliminate the plaintiff's standing to sue the third party at all).  *See, e.g., Chevron U.S.A., Inc. v. Smith*, 844 So. 2d 1145, 1148 (Miss. 2002); *Walls v. Franklin Corp.*, 797 So. 2d 973, 977 (Miss. 2001); *Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 482 (5th Cir. 2003); *Miller v. Mississippi Res., LLC*, 2018 WL 934827, at *3 (S.D. Miss. Feb. 16, 2018).

A federal court "[g]enerally ... will dismiss a complaint without prejudice upon finding that administrative remedies have not been exhausted."  *Hamilton v. Safeway Ins. Co.*, 2009 WL 3297279, at *5 (S.D. Miss. Oct. 13, 2009).  A plaintiff can avoid dismissal under this doctrine only when he proves that "the remedies are inadequate," or that the "appeal to the administrative agency is 'futile.'"  *Keys v. Safeway Ins. Co.*, 2009 WL 3297574, at *3 (S.D. Miss. Oct. 13, 2009).

### A.     Failure to exhaust administrative remedies provided by the State

Mississippi law provides an administrative process to resolve claims of overbilling for municipal water and sewer services by amounts exceeding $2,500.00.  According to Miss. Code § 77-3-6(1), "[a]ny dispute between a municipally-owned or operated public utility and a customer of such public utility with regard to billing and/or services in excess of Two Thousand Five Hundred Dollars ($2,500.00) shall be subject to investigation, review, and arbitration by the [Mississippi Public Service Commission] upon petition filed therefor with the commission by such

5

public utility or customer." The statute spells out the process to be followed by the Public Service Commission if such a petition is filed. *See* Miss. Code § 77-3-6(2). The stated aim of the statute is for the Public Service Commission to "perform such duties as it deems reasonable and likely to result in settlement of the dispute without commencement of litigation between the public utility and the customer." *Id.* While "[p]articipation in any investigation, proceeding, negotiation, or settlement" under this statute "shall be voluntary by the public utility and the customer," "no suit may be commenced in any court of [Mississippi] by either the public utility or customer based upon facts giving rise to the dispute for a period of sixty (60) days after a petition is filed with the commission under [§ 77-3-6]." Miss. Code § 77-3-6(3).

Here, Plaintiffs allege that they have been overbilled in amounts exceeding the statute's $2,500 threshold. *See supra* at 3. But Plaintiffs do not allege that they filed a petition with the Public Service Commission under § 77-3-6 for review of the City's alleged overbilling; had Plaintiffs done so, the Commission may well have wholly resolved their alleged damages short of litigation. Under settled law, the Court should not adjudicate Plaintiffs' claims before Plaintiffs have exhausted administrative remedies, especially as Plaintiffs have not alleged—and there is no reason to believe—that the remedies from such an administrative process would be inadequate, or that pursuit of the administrative remedies would be futile. Consequently, the Court should dismiss Plaintiffs' claims.

**B.   Failure to exhaust administrative remedies provided by the City**

Plaintiffs also failed to exhaust the administrative process available to them under the City's Water Billing Customer Bill of Rights. (A copy of the "Bill of Rights" is attached as Exhibit 2.[2]) That Bill of Rights, implemented by Executive Order No. 2018-07, provides multiple levels

---

[2] The document is also available at www.jacksonms.gov/DocumentCenter/View/4822. This Court

of appeal to customers threatened with disconnection of services for nonpayment. Any pending disconnection can be appealed to the City Attorney. Ex. 2 at 2. "If the appeal to the City Attorney is not favorable, the customer may go through a final appeal which may be reviewed by the Jackson City Council." *Id.*

Plaintiffs do not allege that they have exhausted the various appeals permitted under the Bill of Rights. (Indeed, Plaintiff Kellum acknowledges that he is engaged in that administrative appeal process, but that it is incomplete. Doc. 1 at ¶ 20.) Furthermore, there is no reason to believe that the remedies from such an administrative process would be inadequate or that pursuit of the administrative remedies would be futile.

Because Plaintiffs failed to exhaust the administrative remedies offered by the City via the Bill of Rights, this Court should dismiss this action.

**II.     Plaintiffs' claims for breach of contract in Count I, injunctive relief and specific performance in Count V, and breach of implied warranties in Count VII should be dismissed because Plaintiffs are not third-party beneficiaries under the express terms of the Agreement.**

Plaintiffs' claims for breach of contract in Count I, injunctive relief and specific performance in Count V, and breach of implied warranties in Count VII should be dismissed because Plaintiffs are not third-party beneficiaries under the Agreement as a clear matter of law.

Under settled Mississippi law, for a party who is not a signatory to a contract to enforce its terms in his or her favor, "the third-party's beneficiary status 'must spring from the terms of the contract itself.'" *Cope v. Thrasher Constr., Inc.*, 231 So. 3d 989, 993 (Miss. 2017) (quoting *Burns v. Wash. Savings*, 171 So. 2d 322, 325 (Miss. 1965)). "Unambiguous clauses that prohibit third parties from being treated as beneficiaries to the contract 'must be accepted as the intent of the

---

may take judicial notice of publicly available government documents in deciding a motion to dismiss. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

parties and enforced as written.'" *S. Indus. Contractors, LLC v. Neel-Schaffer, Inc.*, 2017 WL 5906041, at *2 (S.D. Miss. Nov. 30, 2017) (citation omitted) (enforcing no-third-party-beneficiary clause and dismissing plaintiff's contract claims); *see also, e.g.*, *Pinnacle Tr. Co., L.L.C. v. McTaggart*, 152 So. 3d 1123, 1128 (Miss. 2014) (holding that plaintiffs were not bound by arbitration agreement as third-party beneficiaries where the contract contained a "specific exclusion" providing that "no rights or remedies … were conferred on third-party beneficiaries"); *McQueen Contracting, Inc. v. Fid. & Dep. Co. of Md.*, 863 F.2d 1216, 1222–23 (5th Cir. 1989) (holding that clause providing that "[n]o right of action shall accrue" except to signatory "negate[d] any inference" that parties intended to confer third-party beneficiary status), <u>opinion vacated in part on other grounds on reh'g</u>, 871 F.2d 32 (5th Cir. 1989). When the contracting parties include a "clear disclaimer of any intent to create third-party rights" in a contract, such a disclaimer "disposes of any claim that [the contract] grants such rights to [non-signatories]." *Garrett Enters. Consolid., Inc. v. Allen Utilities, LLC*, 176 So. 3d 800, 805 (Miss. Ct. App. 2015).

The plain and unambiguous terms of the Agreement foreclose Plaintiffs' attempt in Counts I, V, and VII to assert claims as third-party beneficiaries of the Agreement. Section 12.2 of the Agreement provides that "[n]othing contained in this Agreement shall be construed to give any rights or benefits to anyone other than the [City] and SIEMENS without the express written consent of both Parties." Ex. 1 at ¶ 12.2. In light of that provision, Plaintiffs are not third-party beneficiaries of the Agreement under controlling Mississippi law. Thus, Plaintiffs' breach of contract claim, specific performance/injunctive relief claim, and breach of implied warranties claim—all of which Plaintiffs base on their alleged status as third-party beneficiaries of the Agreement—must be dismissed.

8

**III.     Plaintiffs' claim for negligence in Count II should be dismissed.**

Plaintiffs' negligence claim must be dismissed because Plaintiffs do not allege the breach of any duty independent of the Agreement, and, as discussed above, Plaintiffs are owed no duty under the Agreement. Furthermore, even if that were not a bar to the claim, Plaintiffs still have not alleged an actionable tort duty.

In their negligence claim, Plaintiffs do not allege any duty that exists independent of the Agreement, which they cannot enforce. "The elements of a prima facie case of negligence [include] duty." *Chaffee on behalf of Latham v. Jackson Pub. Sch. Dist.*, 270 So. 3d 905, 907 (Miss. 2019) (citation omitted). Plaintiffs identify the following duties as the basis of their negligence claim: "the duty to install numerous infrastructure and hardware components such as, but not necessarily limited to, water delivery and drainage mains and pipes and the installation of properly working water maters in a functioning and workmanlike condition," and "the duty to inspect all components of the water delivery system as installed, upgraded and maintained to ensure that those components, including but not limited to water mains and water meters, were functioning properly as intended." Doc. 1 at ¶ 41. Those duties plainly arise only from the Agreement. *See* Ex. 1 at Art. 5 & Ex. A, Art. 1.

As discussed above, Plaintiffs are not third-party beneficiaries under the Agreement; therefore, they were owed no duty under the Agreement. Because the only duties that Plaintiffs assert as the basis of the negligence claim arise from the Agreement and because Plaintiffs are owed no duties under the Agreement, Plaintiffs' negligence claim fails as a matter of law.

In addition, even if Plaintiffs had a contract right to enforce the Agreement as third-party beneficiaries (and they do not, *see supra* Part II), their claim for negligence still would fail. Under Mississippi law, "the breach of a contract (whether described as 'negligent' or not) is not actionable

9

in tort under an ordinary negligence theory unless breaching the contract also breached a duty of care recognized by tort law. There must be a duty of care fixed by law and independent of the contract." *Clausell v. Borque*, 158 So. 3d 384, 391 (Miss. Ct. App. 2015) (quoting *Hazell Mach. Co. v. Shahan*, 161 So. 2d 618, 623 (Miss. 1964)). As the Fifth Circuit has explained, "an independent tort does not arise in circumstances in which the tort claim is based solely on a breach of a contractual duty." *First Tr. Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 335 & n.2 (5th Cir. 2000) (citing *Palmer v. Orkin Exterminating Co.*, 871 F. Supp. 912, 914–15 (S.D. Miss. 1994) (Lee, J.), *aff'd*, 71 F.3d 875 (5th Cir. 1995), and *Smith v. Orkin Exterminating Co.*, 791 F. Supp. 1137, 1143–44 (S.D. Miss. 1990), *aff'd*, 943 F.2d 1314 (5th Cir. 1991)).

Where a plaintiff's negligence claim is "in essence, a reiteration of the claim for breach of contract, with the additional allegation that the defendant breached the contract negligently," that fails to state a claim because "[t]he purported negligent conduct was the very conduct that allegedly constituted a breach of the contract." *Furr Mktg., Inc. v. Orval Kent Food Co.*, 682 F. Supp. 884, 886 (S.D. Miss. 1988) (Lee, J.). In other words, a negligence claim based on the defendant's "alleged failure to fulfill its contractual duties" is "subsumed by [a] breach of contract claim[ ]." *Willis v. Allstate Ins. Co.*, 2014 WL 5514160, at *16–17 (S.D. Miss. Oct. 31, 2014) ("[T]o the extent Plaintiff's negligence-based claim arises from Defendant's failure to fulfill its duties under the policy, it sounds in contract, rather than tort." (citing cases)). In the complaint, Plaintiffs' negligence allegations are a mirror image of their breach of contract allegations. Doc 1 at ¶ 41. In other words, Plaintiffs claim that Siemens was negligent because it allegedly breached its duties under the Agreement. Under settled Mississippi law, that negligence claim fails because it is nothing more than a reiteration of the breach-of-contract claim.

**IV.    Plaintiffs' claim for fraud and fraudulent concealment in Count III should be dismissed.**

Plaintiffs' claim in Count III based upon alleged fraudulent representations and fraudulent concealment should be dismissed for multiple separate and independent reasons.

**A.    Plaintiffs have failed to plead their allegations of fraud with particularity as required by Rule 9(b).**

Plaintiffs have failed to plead their allegations of fraudulent representation and fraudulent concealment with particularity as required by Rule 9(b), so the fraud claim in Count III should be dismissed. "Where a plaintiff alleges fraud, Fed. R. Civ. P. 9(b) 'creates a heightened pleading requirement that the circumstances constituting fraud or mistake shall be stated with particularity.'" *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 & n.13 (5th Cir. 2019) (quoting *United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 872 (5th Cir. 2008)). The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent … and explain why the statements were fraudulent." *Hoffman v. L & M Arts*, 838 F.3d 568, 577 (5th Cir. 2016) (citation omitted). And "[w]hen the Rule 9(b) pleading standard applies, the complaint must contain factual allegations stating 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 117 (5th Cir. 2019) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). "In other words, to properly allege fraud under Rule 9(b), the plaintiff must plead the who, what, when, where, and why as to the fraudulent conduct." *Id.* A plaintiff must "meet that heightened pleading standard" and provide those specifics "*before* access to the discovery process is granted." *Lampkin*, 925 F.3d at 733.

Courts have also applied Rule 9(b)'s requirements in the context of fraudulent concealment (or suppression) claims. "In cases concerning … omission of facts, Rule 9(b) typically requires

11

the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *Bogy v. Ford Motor Co.*, 2012 WL 13168019, at *5 (S.D. Miss. June 29, 2012) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).

The allegations in Count III do not meet the Rule 9(b) standard. As for the affirmative fraud contentions in paragraphs 46 and 47, Plaintiffs do not identify any specific person who made the alleged representations or heard the alleged representations. In addition, Plaintiffs do not indicate when or where the purported representations were made, instead stating only that they were made "[a]t all relevant times." Likewise, as to the allegations concerning fraudulent concealment in paragraphs 46, 47 and 48, Plaintiffs' description of the purportedly concealed facts is overly vague and non-specific, such as the averment that Siemens "concealed or suppressed numerous material facts relevant to the defective implementation of the structural and software elements of the water and sewer system." Doc. 1 at ¶ 48 (emphasis added). An averment about "numerous material facts" does not identify for Siemens the specific alleged concealment to which it must respond. Furthermore, Plaintiffs fail to allege when and where the purported omitted facts should have appeared, as is required by Rule 9(b). In sum, Plaintiffs' averments about fraudulent representations and fraudulent concealment come nowhere close to satisfying the particularity requirements of Rule 9(b).

### B. Plaintiffs have failed to allege sufficient facts pertaining to the reliance elements of their fraud claim.

Plaintiffs have also not plausibly alleged the reliance element of their fraud claim, so Count III should be dismissed for that reason as well. Reliance is an element for claims involving fraudulent representations and fraudulent concealment. *See., e.g.*, *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1049 (Miss. Ct. App. 2007). In order to survive dismissal, a plaintiff must

"specify with particularity what actions [they took] or forewent in reliance upon" a defendant's fraudulent conduct. *See Cummings v. Well Fargo, N.A.*, 2019 WL 180188, at *6 (N.D. Miss. Jan. 11, 2019) (citation omitted). In other words, to state a fraud claim under Mississippi law, "the plaintiff must allege reasonable reliance." *Int'l Fire & Safety, Inc. v. HC Servs., Inc.*, 2006 WL 2483336, at *1 (S.D. Miss. Aug. 28, 2006). Here, the ratepayers not only failed to allege fraud with particularity, but also have not alleged reasonable reliance. *See* Doc. 1 at ¶¶ 44–49. That is fatal to their fraud/fraudulent concealment claim in Count III. *See, e.g.*, *Carithers v. CCA of Tenn., LLC*, 2014 WL 12708982, at *7 (S.D. Miss. Dec. 8, 2014) (dismissing fraudulent concealment claim for failing, among other things, to plausibly allege reliance where the plaintiffs did not allege that the decedent would have acted differently had he known the information).

> **C.    The fraudulent concealment aspect of Plaintiffs' fraud claim should be dismissed because Siemens owed no duty to disclose to Plaintiffs.**

The fraudulent concealment aspects of the claim in Count III should also be dismissed because Plaintiffs have not plausibly alleged that Siemens owed them any duty of disclosure.

Under Mississippi law, a party is liable for its silence if "its silence relate[s] to material fact or matter known to the party," and "it is the [the party's] legal duty to communicate to the other." *Daniels v. Crocker*, 235 So. 3d 1, 14 (Miss. 2017) (quoting *Guastella v. Wardell*, 198 So. 2d 227, 230 (Miss. 1967)) (alterations in original). In other words, "a claim of fraud by omission arises only where the defendant had a duty to disclose material facts purportedly omitted." *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1049 (Miss. Ct. App. 2007); *Mooneyham v. Progressive Gulf Ins. Co.*, 910 So. 2d 1223, 1227 (Miss. 2005) ("An omission constitutes fraud only if the speaker owed the hearer a duty of disclosure."). Indeed, Mississippi courts have held that "silence, in the absence of a duty to speak, is not actionable," so "claims for misrepresentation by omission are dependent on the existence of a duty of disclosure." *Frye v. Am. Gen. Fin., Inc.*,

13

307 F. Supp. 2d 836, 842–43 (S.D. Miss. 2004) (citation omitted); *accord, e.g.*, *Strong v. First Family Fin. Servs., Inc.*, 202 F. Supp. 2d 536, 540–41 (S.D. Miss. 2002) (Lee, J.) (same).

"This duty generally arises only where there is a fiduciary relationship between the parties." *Taylor*, 954 So. 2d at 1049; *Wiemer v. Rubino*, 2019 WL 187873, at *5 (S.D. Miss. Jan. 14, 2019) (holding that plaintiff's "claims for fraudulent and negligent omissions are … dependent on the existence of a fiduciary or other confidential relationship").

Plaintiffs do not allege in the complaint that there is any fiduciary relationship between the parties, nor do the allegations of the complaint support a conclusion that such a fiduciary relationship existed. As noted above, Plaintiffs are not third-party beneficiaries of the Agreement, so no fiduciary duty can arise from that Agreement. Based on this failure to allege facts from which the Court could deem the existence of a fiduciary relationship to be plausible, all aspects of Count III pertaining to alleged fraudulent concealment should be dismissed. *See Jordan v. Nationwide Trustee Svcs., Inc.*, 2014 WL 6982641, at *4 (S.D. Miss. Dec. 9, 2014) (Lee, J.) (fraudulent concealment claim dismissed because plaintiff failed to allege "actual facts supporting finding that a fiduciary relationship existed").

**V.     Vicarious liability is not a cause of action, so Count IV should be dismissed.**

Plaintiffs' claim for vicarious liability in Count IV should be dismissed because vicarious liability is a theory of liability, not a standalone claim. *See, e.g.*, *Smith v. Canadian Nat'l/Ill. Cent. R.R.*, 2007 WL 986876, at *1 (N.D. Miss. Mar. 29, 2007) (recognizing that "vicarious liability" is "not a cause of action in and of itself").

**VI.    Plaintiffs' Count V for specific performance and injunctive relief should be dismissed.**

Even if Plaintiffs' claim for specific performance were not barred by the fact that they are not third-party beneficiaries of the Agreement, that claim fails as a matter of law for at least two other reasons.

14

*First*, specific performance is not a standalone cause of action.  Instead, it is a remedy for breach of contract.  *See Osborne v. Bullins*, 549 So. 2d 1337, 1339 (Miss. 1989).

*Second*, as a general rule, "a court of equity will not attempt to enforce a contract by specific performance where the parties have an adequate remedy at law to recover damages growing out of a party's failure to carry out a contract's terms." *Tyson Breeders, Inc. v. Harrison*, 940 So. 2d 230, 234 (Miss. 2006) (quoting *Roberts v. Spence*, 209 So. 2d 623, 626 (Miss. 1968)). In their claim seeking specific performance, Plaintiffs essentially ask the Court to order Siemens to comply with its alleged obligations under the Agreement.  Doc. 1 at ¶ 58.  But Plaintiffs do not allege that they lack an adequate remedy at law; indeed, Plaintiffs seek to recover damages in excess of $5 million on their breach-of-contract claim.  *See* Doc. 1 at ¶ 39.  In the absence of an allegation that Plaintiffs lack an adequate remedy at law, the specific performance claim fails as a matter of law.

To the extent that Plaintiffs seek injunctive relief independent from specific performance (and the complaint is not clear on that point), a request for injunctive relief is not a separate cause of action, but rather a remedy once liability on a substantive claim is established.  In addition, the same pleading deficiency concerning the adequate-remedy-at-law requirement dooms any claim for injunctive relief.  A party seeking permanent injunctive relief "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 157–58 (5th Cir. 2017) (citation omitted).  Not only do Plaintiffs fail to allege the absence of an adequate remedy at law as discussed above, they also fail to allege that they have

suffered an irreparable injury, that the balance of hardships warrants an equitable remedy, or that the public interest would not be disserved by a permanent injunction. *See* Doc. 1 at ¶¶ 55-58. Given these deficiencies, the claim should be dismissed.

### VII. Punitive damages and attorneys' fees are remedies, not causes of action, so Count VI should be dismissed.

Plaintiffs' claim in Count VI for punitive damages and attorneys' fees should also be dismissed because those are not standalone causes of action.

Under Mississippi law, "punitive damages are a remedy, not a cause of action." *Kaplan v. Harco Nat'l Ins. Co.*, 716 So. 2d 673, 680 (Miss. Ct. App. 1998). Accordingly, state and federal courts in Mississippi have held that there is no standalone claim for punitive damages. *See Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 674 (S.D. Miss. 2007); *Rex Distrib. Co. v. Anheuser-Busch, LLC*, 2017 WL 6815472, at *2 (Miss. Cir. Ct. Harrison Cty. Dec. 15, 2017).

Likewise, a claim for attorneys' fees is not an independent cause of action; instead, attorneys' fees may be awarded only as a form of relief in connection with a substantive cause of action and where allowed by law. *See Tunica Cty. v. Town of Tunica*, 227 So. 3d 1007, 1027 (Miss. 2017); *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 244 (5th Cir. 2011).

In light of this settled law, the claim in Count VI for punitive damages and attorneys' fees should be dismissed.

### VIII. Plaintiffs' claim for breach of implied warranty in Count VII should be dismissed because the Agreement expressly disclaims all implied warranties.

Even if Plaintiffs were not foreclosed from asserting a breach of implied warranties claim in Count VII based on the fact that they are not third-party beneficiaries of the Agreement, the claim must still be dismissed because implied warranties are expressly disclaimed in the Agreement. *See supra* at 2. Disclaimers of implied warranties are enforceable under Mississippi

16

law.³ *See Stribling Bros. Mach. Co. v. Girod Co.*, 124 So. 2d 289, 292 (Miss. 1960); *Smith*, 791 F. Supp. at 1141 (holding that a limitation of remedies in a services contract was enforceable under Mississippi law).

### IX. Plaintiffs' claim under the Mississippi Consumer Protection Act in Count VIII should be dismissed.

Plaintiffs' claim under the Mississippi Consumer Protection Act ("Act") should be dismissed for two separate and independent reasons. First, Plaintiffs have failed to allege that they have satisfied a condition precedent to bring suit under that Act, namely the requirement that they have engaged in an alternative dispute resolution process before bringing the claim. Second, they have no basis to assert a claim under the Act because they do not allege that they purchased anything from Siemens.

### A. Plaintiffs have failed to satisfy the statutory condition precedent to asserting a private right of action under the Mississippi Consumer Protection Act.

Plaintiffs have failed to satisfy the statutory condition precedent to asserting a private right of action under the Mississippi Consumer Protection Act, so Count VIII should be dismissed.

To bring a private action under the Mississippi Consumer Protection Act, "the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General." Miss. Code § 75-24-15(2); *Cole*, 554 F. Supp. 2d at 667 ("[T]he CPA section authorizing private rights of action contains the prerequisite that the plaintiffs attempt to resolve their CPA claims through the auspices of the Attorney General's office prior to filing suit, which the plaintiffs did not do.")

---

³ Although Miss. Code Ann. § 11-7-18 provides that "there shall be no limitation of remedies or disclaimer of liability as to any implied warranty of merchantability or fitness for a particular purpose in a sale to consumer ... of consumer goods," that provision does not apply here because this case does not involve either the warranty of merchantability or fitness for particular purpose, or a sale of consumer goods.

17

Rule 9(c) requires that a plaintiff plead that all conditions precedent have occurred or been performed. A complaint fails to comply with Rule 9(c) if it makes no allegations at all about a condition precedent. *See, e.g.*, *Bank of Abbeville & Tr. Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, 991 (5th Cir. 2006) ("[T]he [plaintiff] has not complied with the Rule because at no point in the complaint does [it] allege—not even generally—…that all conditions precedent to its claim have been satisfied."). Plaintiffs do not allege that they have satisfied the statutory precondition to filing this type of claim, nor do they make a general allegation that all conditions precedent have been performed. Accordingly, Plaintiffs' claim under the Mississippi Consumer Protection Act must be dismissed.

**B.      Plaintiffs' claim under the Mississippi Consumer Protection Act also fails because Plaintiffs did not allege that they purchased goods or services from Siemens.**

Plaintiffs' claim under the Consumer Protection Act also should be dismissed because Plaintiffs have not alleged that they purchased goods from Siemens.

The Act provides that "any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property … may bring an action at law … to recover such loss of money or damages for the loss of such property." Miss. Code § 75-24-15(1). The failure to allege a "purchase" from the defendant is fatal to a claim under this provision. *See, e.g.*, *Humphrey v. Citibank NA*, 2013 WL 5407195, at *7 (N.D. Miss. Sept. 25, 2013); *Cole*, 554 F. Supp. 2d at 666–67. In *Cole*, for example, the defendants (suppliers of gasoline) asserted that "the plaintiffs … failed to allege a 'purchase' of goods or services from any of the defendants," thus dooming their claims under the Consumer Protection Act. 554 F. Supp. 2d. at 666. The court explained that § 75-24-15 "require[d] such an allegation," but found "none … present in the Complaint." *Id.* The district court in *Humphrey* likewise found the plaintiff's complaint "factually deficient" because it failed to allege a purchase.

18

2013 WL 5407195, at *7. There, the court explained that "a private right of action exists under the CPA only if one establishes a 'purchase or lease' of goods or services." *Id.* (quoting *Cole*, 554 F. Supp. 2d at 666–67).

In Plaintiffs' complaint, they do not allege (nor could they allege) that they purchased anything from Siemens. As a result, their claim under the Mississippi Consumer Protection Act should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' complaint should be dismissed in its entirety.

Respectfully submitted,

*/s/ Roy D. Campbell, III*
Roy D. Campbell, III
BRADLEY ARANT BOULT CUMMINGS LLP
188 E. Capitol Street, Suite 1000
Jackson, MS 39215
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
rcampbell@bradley.com

Matthew H. Lembke *(Pro Hac Vice)*
Tiffany J. deGruy *(Pro Hac Vice)*
Stanley E. Blackmon *(Pro Hac Vice)*
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mlembke@bradley.com
tdegruy@bradley.com
sblackmon@bradley.com

Kenneth M. Perry *(Pro Hac Vice)*
KEN PERRY LAW FIRM, LLC
1615 Financial Center
404 20th Street North
Birmingham, AL 35203

Telephone: (205) 778-2001
Facsimile: (205) 224-4455
kp@kenperrylawfirm.com

*Counsel for Defendant Siemens Industry, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on September 9, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

            */s/ Roy D. Campbell, III*
            OF COUNSEL